# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JACKIE TERRY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-0799-S |
| | § | |
| UNITED STATES POSTAL SERVICE | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant United States Postal Service's Motion to Dismiss ("Motion") [ECF No. 2]. The Court has reviewed and considered the Motion, Plaintiff Jackie Terry's Response to Defendant's Motion to Dismiss ("Response") [ECF No. 4], Defendant's Reply in Support of Its Motion to Dismiss [ECF No. 5], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

On September 12, 2023, Plaintiff filed suit against Defendant in the 68th Judicial District Court of Dallas County, Texas, to recover for injuries sustained in a motor vehicle crash. Pl.'s Original Pet. ("Petition") [ECF No. 1-5] ¶ 7. Plaintiff alleges that "T.A.P.," an employee of Defendant, "backed into Plaintiff." *Id.* ¶ 7 & n.1. According to Plaintiff, T.A.P. was "at all times relevant in the course and [scope] of his employment operating a [United States Postal Service] van . . . owned by Defendant." *Id.* ¶ 7. Plaintiff brought claims for negligence and negligence per se and asserted a theory of respondeat superior liability. *Id.* ¶¶ 8-15. Defendant removed the case pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of civil actions brought against the United States or any of its agencies. Notice of Removal [ECF No. 1] ¶¶ 2-3, 5. The same day it removed the case, Defendant moved to dismiss the case on the ground that the Court lacks subject matter jurisdiction. Mot. 1. According to Defendant, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq., is the exclusive remedy for tort claims arising from the actions

of government agencies or employees, the FTCA only authorizes suit in federal court, and the doctrine of derivative jurisdiction mandates dismissal of FTCA cases initially filed in state court. Mot. 3-4.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis County*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of the district court to hear a case. The district court may dismiss for lack of subject matter jurisdiction based on the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). The court must accept all factual allegations in the complaint as true. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

## III. ANALYSIS

As an initial matter, though Plaintiff does not mention the FTCA in the Petition, the Court determines that Plaintiff's claims against Defendant arise under the FTCA.[1] The FTCA, which grants a limited waiver of sovereign immunity to allow tort claims against the United States, "is the exclusive remedy for suits against the United States or its agencies sounding in tort."

---

[1] Plaintiff concedes this point. *See* Resp. 2 ("As the facts indicate, this is a ripe civil action . . . [that is] actionable under the [FTCA].").

2

*Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted). As Plaintiff alleges that she "was injured by a federal government employee acting within the scope of [his] employment on behalf of [the United States Postal Service], [Plaintiff] must proceed with this action under the FTCA." *Colonial Cnty. Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015) (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006)); *see also Guevara v. United States*, No. 3:20-CV-0022-D, 2020 WL 1529005, at *3 (N.D. Tex. Mar. 31, 2020) (holding that state law negligence claims against a United States Postal Service worker acting within the scope of her employment "could only have been pursued under the FTCA" (citation omitted)).

Because Plaintiff filed suit in state court asserting claims arising under the FTCA, Defendant argues, the Court lacks jurisdiction over this case under the doctrine of derivative jurisdiction. Mot. 1. The doctrine of derivative jurisdiction provides that "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "If the state court did not have jurisdiction to hear the case, the federal court does not acquire jurisdiction—even if the federal court would have had jurisdiction if the suit were originally brought in federal court." *Colonial Cnty.*, 2015 WL 7454698, at *2 (citation omitted); *see also Lopez*, 749 F.3d at 350. Though Congress abrogated the derivative jurisdiction doctrine with respect to removals under 28 U.S.C. § 1441, the doctrine still applies where, as here, a defendant removes under Section 1442. *Lopez*, 749 F.3d at 351 (citation omitted).

Having decided that the derivative jurisdiction doctrine applies here, the Court must determine whether the state court from which this case was removed had jurisdiction to hear the case. It did not. Federal courts have exclusive jurisdiction over FTCA cases. *See* 28 U.S.C.

3

§ 1346(b)(1). State courts have no jurisdiction over FTCA cases. *Walker v. Crim. Investigation Unit/Dall. Field Off. IRS*, No. 3:22-CV-0877-D, 2022 WL 2053169, at *3 (N.D. Tex. June 7, 2022). As such, federal courts cannot exercise jurisdiction over FTCA cases initially filed in state court and then removed to federal court pursuant to Section 1442. *Id.* (citation omitted). "Because [Plaintiff] initially filed this suit in state court—which lacked jurisdiction over [her] claims under the FTCA—the [C]ourt lacks subject matter jurisdiction over [Plaintiff's] claims under the FTCA." *Id.*

Plaintiff acknowledges that the derivative jurisdiction doctrine "may apply in this case" but cites a Seventh Circuit case for the proposition that it is a procedural, not a jurisdictional, deficiency. Resp. 2 (citing *Rodas v. Seidlin*, 656 F.3d 610, 622 (7th Cir. 2011)). *Rodas* is not binding on this Court, and district courts in the Fifth Circuit have found that derivative jurisdiction bears on subject matter jurisdiction. *See, e.g.*, *Walker*, 2022 WL 2053169, at *2-3; *Caudle v. Soc. Sec. Admin.*, No. 3:22-CV-00527-C-BH, 2022 WL 4136702, at *3 (N.D. Tex. Aug. 22, 2022), *report and recommendation adopted by* 2022 WL 4134749 (N.D. Tex. Sept. 12, 2022). Nevertheless, *Rodas* would not alter the Court's conclusion. The *Rodas* court held that a lack of derivative jurisdiction is a "procedural defect in removal," which is waivable. 656 F.3d at 623 (citation omitted). By challenging derivative jurisdiction the same day it removed this case, Defendant did not waive its challenge to this defect. *See Lopez v. Vaquera*, No. EP-12-CV-00427-DCG, 2013 WL 8297541, at *7 (W.D. Tex. July 8, 2013) ("[W]hen the doctrine [of derivative jurisdiction] is raised promptly upon removal . . . , the doctrine must be invoked to limit the federal court's jurisdiction, if any, to that of the state court." (citation omitted)), *aff'd sub nom. Lopez v. Sentrillon Corp.*, 749 F.3d 347 (5th Cir. 2014). Though Plaintiff asks the Court to place "justice and the merits of the case over a procedural deficiency," Resp. 3, the Court is "bound by extant

4

Supreme Court precedent to dismiss [Plaintiff's] claims against [Defendant] under the derivative jurisdiction doctrine." *Lopez*, 749 F.3d at 351 (citation omitted).

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss [ECF No. 2]. This case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

SIGNED May 21, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**